IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VINCENT TESLER**, <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | Case No. 3:17-cv-0152-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On July 20, 2018, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. ECF 24, 25. Before the Court is Plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 26.

EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory.

*Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $7,488.26. Defendant does not specifically object to Plaintiff's motion, but defers to the Court's assessment of the matter. Under EAJA, fees must be "reasonable." 28 U.S.C. § 2412(d)(2)(A). "The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case." *Schwitzke v. Berryhill*, 2017 WL 6558257, at *1 (W.D. Wash. Dec. 22, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436-37 (1983)).

The Court agrees that EAJA fees are warranted in this case, but finds that the hours submitted are not reasonable. Specifically, the Court does not accept the routine practice of billing 0.1 hours for reviewing one- or two-sentence court orders granting routine motions for extensions and similar docket entries, and is discouraged by this continued practice. These are clerical in nature. *See, e.g.*, *Miller v. Schmitz*, 2017 WL 633892, at *7 (E.D. Cal. Feb. 15, 2017). Accordingly, the Court reduces the time requested for the 0.1 entries for 1/30/17, 1/31/17, 10/26/17, 11/22/17, 2/13/18, 3/14/18, and 4/25/18. This is a total reduction of 0.7 hours. The Court also does not find it reasonable that Plaintiff requests 1.2 hours to prepare the EAJA fee request, which is a two-paragraph motion containing no substantive discussion or legal analysis

and attaches a copy of the retainer agreement and the attorney time record. The Court reduces this entry by 50 percent. Accordingly, the Court awards fees for 36.6 hours—3.3 hours in 2016 at $192.68 ($635.84); 23.3 hours in 2017 at $196.79 ($4,585.21); and 10 hours in 2018 at $200.78 ($2007.80). The Court therefore awards fees in the amount of $7,228.85.

Plaintiff's application for attorney's fees (ECF 26) is GRANTED IN PART. Plaintiff is awarded $7,228.85 for attorney's fees under 28 U.S.C. § 2412. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to counsel (ECF 26-2), if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney Bruce Brewer and mailed to Plaintiff's attorney. If Plaintiff owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff's attorney and mailed to Plaintiff's attorney.

**IT IS SO ORDERED.**

DATED this 5th day of November, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge